## Sedam *against* Shaffer.

A. having the legal title to a tract of land, promised, for a sufficient considera-
tion, to sell it and pay all the purchase money over a certain sum to B., but died
having made his will, by which he devised the land to his executors to be sold,
and directed the proceeds to be divided among his children. *Held*, that upon such
sale being made by the executors, the action upon the promise must be against
them in their representative capacity for a breach of it by the testator ; and that
an action for money had and received would not lie against them personally.

If a cause of action be defectively stated, the defendant must demur to it; the
error is cured by going to trial upon the merits.

ERROR to the Common Pleas of *Lycoming* county.

Samuel Shaffer against William Sedam, executor of George
Shaffer, deceased. This was an action of *assumpsit*, and came on
for trial upon a declaration for work and labour, goods sold and
delivered, money lent, and for money had and received, all by the
testator in his lifetime. The plaintiff asked leave to file a new
count stating specially his cause of action, which was allowed by
the court and exception taken by the defendant, on the ground
that the first count was against the executors in their representa-
tive capacity, and the one proposed to be filed was against them
personally. It was as follows :

" William Sedam and John Shaffer, executors of George Shaffer,
deceased, late of said county, were attached to answer Samuel
Shaffer in a plea of trespass on the case upon promises, &c. And
thereupon the said Samuel Shaffer, by his attorney, complains :
For that whereas, heretofore, to wit, on the 1st day of April 1830,
and long before, the said Samuel Shaffer was the owner of a cer-
tain tract of land situate in Washington township, Lycoming
county, containing 235 acres, more or less, with the appurtenances,
consisting of one log house, one log barn and one-fourth of a saw-
mill, with about eight acres of cleared land, adjoining lands of
George Shaffer, Daniel Montgomery and others, and was in posses-
sion of the same, and which said tract of land was levied on as the
property of said Samuel Shaffer, at the suit of Nicholas Shaffer
for the use of Daniel Pennepacker and Peter Hackenburg, adminis-
trators of Thomas Pickel, deceased, and sold by Thomas Hall, late
sheriff of Lycoming county, to James Mackey, and conveyed to
him by deed dated the 3d day of May 1831, and whereas the said
George Shaffer (now deceased, father of the plaintiff Samuel
Shaffer) being desirous to assist the said Samuel and give him the
advantage of any increased value of the land over what it, or a
part of it could then be purchased for, and for a good and valuable
consideration, he, the said George Shaffer, in his lifetime, hereto-

v.—67　　　　　　2 u

fore, to wit, on the 12th day of June 1835, and at divers other times as well before as after, at the county aforesaid, did promise and agree with the said Samuel that he, the said George, would purchase the property or land above described or a part of the same of James Mackey, if the same could be done; that he would advance the money necessary to purchase the land and take the deed in his own name, and that the said Samuel, who then lived on the land, should remain in possession until it should be again sold and conveyed by said George, his heirs or executors, (which was agreed should be done as soon as practicable) and that whenever the land was or should be sold, the said George Shaffer, or his heirs or executors, was to have and retain out of the purchase money the sum which should be paid by him to the said James Mackey, and interest on the same, and the overplus, whatever it might be, was then to be paid by the said George Shaffer, his heirs or executors, to the said Samuel Shaffer, and either party was to be at liberty at any time thereafter, to find a purchaser of the land, and in consideration thereof, among other things, the said Samuel Shaffer by the same agreement was to saw all the logs and other lumber for the said George Shaffer, which he the said George might desire to have sawed at the saw-mill on the premises during the time the said Samuel should remain in possession; and in pursuance of said agreement, the said George Shaffer afterwards did purchase a part of the land aforesaid, to wit, 109 acres and 44 perches, more or less, of the said James Mackey, for the consideration of $200 then paid, and received the deed for the same in his own name, dated the 5th day of June 1835, and the said Samuel Shaffer in pursuance of said agreement remained in possession of the said land, the time of said agreement, until the same was sold to John Filbert, and did saw during all that time for the said George Shaffer logs and other lumber, and all the said George desired to have sawed; and the said Samuel saith that afterwards, to wit, in the month of February 1838, the said George Shaffer having died without having sold said land, having first made his last will and testament, by which he appointed the said William Sedam and John Shaffer his executors, who after duly proving the will took upon themselves the execution thereof, and afterwards, to wit, on the 31st day of December 1838, sold the land aforesaid, with the assent of said Samuel, to John Filbert for the sum of $725, which said sum of money was paid to and received by the said William Sedam and John Shaffer, executors as aforesaid, at the time of said sale and before the bringing of this suit — and by which sale the sum of $482.47 then became due to, and of right ought to have been paid to the said Samuel Shaffer by the said executors, being the amount or surplus over and above what was sufficient to pay and discharge the purchase money paid by said George Shaffer to said Mackey, and interest thereon, and in consideration thereof, they the said executors afterwards, to wit, on

[Sedam v. Shaffer.]

the day and year last aforesaid, then and there promised the said Samuel Shaffer to pay him the said sum of money last mentioned, according to and in pursuance of the promise and agreement of the said George Shaffer in his lifetime, when they should be thereunto afterwards requested—nevertheless, the said George Shaffer in his lifetime, nor the said John Shaffer and William Sedam, executors after his death, although well knowing the agreement and promise of the said George Shaffer in his lifetime, hath not paid the said sum of money or any part thereof to the said Samuel Shaffer, although to pay the same to the said Samuel Shaffer, the said John Shaffer and William Sedam, executors aforesaid, afterwards, that is to say the same day and year last aforesaid, and afterwards were requested by the said Samuel Shaffer, but the said John Shaffer and William Sedam hath hitherto refused and still refuse to pay the same to the said Samuel Shaffer, to the damage of the said Samuel Shaffer $700, and therefore he brings suit," &c.

The plaintiff proved the facts set out in his declaration, and then gave in evidence the will of George Shaffer, by which he devised the land to his executors to be sold, and the proceeds to be divided equally among his children. After the death of the testator, and before the sale by the executors, they leased the land to the plaintiff for one year, for the rent of $15.

The defendant requested the court to instruct the jury upon the following points:

1. That the present action cannot be maintained upon the contract in evidence against the executors of the decedent in their representative capacity.

2. That there was no consideration for the alleged contract; that it was a mere gratuitous verbal promise, and the present action cannot be maintained as laid in the declaration.

3. That if the jury believe George Shaffer was the trustee of Samuel Shaffer, then said Samuel is entitled to the land instead of the money, and he cannot support the present action.

4. That if the jury believe the conversation stated by John Shaffer, Jun. and William Jones, the present action will not lie to recover the proceeds of the sale, (deducting the $200 and interest) but damages only can be recovered, (if anything), by an action for the breach of the alleged parol agreement, and in disaffirmance of the contract.

5. That the present action will not lie against the defendant in his individual capacity, as he was no party to the agreement or conversation alleged to have taken place between George Shaffer and Samuel Shaffer, nor in any manner personally bound thereby, nor has any act done by him, or anything said by him, made him personally liable.

6. That the plaintiff is not entitled to recover any more than the difference between the actual value of the 109 acres and 44 perches

at the executor's sale, and the $200 with interest from June 5th 1835, and that the same cannot be recovered till the money is paid by Filbert to the executor.

7. That if the jury believes the executors sold only the interest of George Shaffer and none other in said land, Samuel Shaffer has no claim whatever to the proceeds of sale, or any part thereof in this suit.

8. That the will of George Shaffer and the acceptance of a lease by Samuel Shaffer, are powerful evidence of a relinquishment of Samuel of any pretended interest he had under the purchase by his father of James Mackey.

The court below thus instructed the jury:

"It is submitted to the jury to determine whether the facts stated in the declaration filed on the 13th inst. are established as set forth. If the plaintiff has established by the evidence the facts there set forth, the plaintiff is entitled to a verdict for damages for the breach of the contract. Whether this verdict will authorize a judgment against the defendant personally, or against him in his representative capacity, will be determined when the judgment shall be entered upon the verdict. It is not necessary to decide this point in giving instructions upon the trial of the issues joined, there being no issue which necessarily raises the question. The court therefore decline giving the instructions requested by the defendant in the 1st and 5th points. A material ingredient in the cause of action is the consideration stated in the declaration, to wit, that the plaintiff was to saw all the logs and other lumber for the said George Shaffer, when the latter might desire, &c. If the jury believe that this was the consideration, and that the plaintiff has fulfilled the contract on his part, it is a sufficient consideration to support the promise made by George Shaffer. But if there was no engagement to do sawing, or if that engagement was not the consideration for the promise, the plaintiff cannot maintain the present action, the promise being in that case void for want of consideration. As there is evidence from which the jury may infer the existence of the consideration stated, the court do not think proper to give the direction asked for in the 2d point of the defendant. The plaintiff acquired no interest in the land, the contract being by parol without writing, and therefore the 3d point is not correct. This is an action for a breach of contract in which the plaintiff can recover damages only, but such measure of damages should be adopted as will effectuate justice between the parties. The measure, in this case, if the facts are made out, should be the difference between the proceeds of sale received and the $200 and interest paid by George Shaffer. This instruction is given in answer to the 4th point. 6th point. The amendment in the declaration and the evidence that an improved lot of 2 acres and 79 perches was included in the contract, purchase and sale, makes it proper to refuse this instruction, and to say that the

[Sedam v. Shaffer.]

plaintiff may recover, if the jury are satisfied of the facts, the difference between the $200 and interest and the $725, with which the executors charge themselves as the proceeds of sale, which on the 8th September 1840, they say under oath, have come to their hands. 7th point. Plaintiff had no interest in the land. George Shaffer's interest was the whole title. 8th point. Court cannot say that the will is powerful evidence, or any evidence of the fact stated. The acceptance of the lease is evidence for the purpose here stated, and the jury will take it into consideration.

Every part of the charge of the court was assigned for error.

The opinion of the Court was delivered by

SERGEANT, J. — This is a suit of rather a peculiar description, and is involved in perplexity not less by its own nature than by the looseness of the plaintiff's pleadings.

The allegation of the plaintiff is, substantially, that the defendant's testator bought from a third person a tract of land which had formerly belonged to the plaintiff, his son, and took the deed in his own name, under a verbal agreement with the plaintiff that if he, the father, should sell it for more than the price to be paid and interest, he would pay over the surplus to the plaintiff: in consideration of which the plaintiff agreed to take possession and saw logs for the father at a mill on the premises. Evidence was given to show the purchase made, the plaintiff's taking possession and sawing logs for the testator. The testator never sold the land in his lifetime, but, on the contrary, when he made his will, directed the defendants, his executors, to sell it with his other estate, and divide the proceeds amongst his children. The executors accordingly sold the land for more than the price paid and interest; and this suit is brought to recover the difference.

As by the Act against frauds and perjuries an interest in land (beyond a tenancy at will or for a short period) cannot pass by a parol contract, the mere verbal agreement between the father and son could not give the latter any interest in land purchased by the father with his own money, and held under a deed to himself. Nor can the possession delivered to the son be deemed part performance, because it was not the agreement that he should own the land, nor was possession taken with that view, nor did he pay any part of the purchase money, or make improvements under a contract of that kind. He became only the tenant of his father, who on his part engaged that whenever the land was sold, he would answer to him for the surplus money received, and nothing further. Had the father in his lifetime disposed of the land for more than the price paid and interest, and refused to pay over to the plaintiff the difference, the plaintiff's remedy would have been an action on the case to recover damages for a breach of the personal promise, in which the measure of the plaintiff's damages would necessarily be the difference above-mentioned. He could

[Sedam v. Shaffer.]

not have recovered for so much money had and received to his use from the sale of the land; for that would be to enforce an interest in land derived from a parol contract merely; nor could a Court of Chancery, for the same reason, enforce such contract specifically by compelling the father to pay the difference, there being no part performance. The plaintiff's only remedy would be an action at law to recover damages for a breach of the agreement, which, under our Act against frauds and perjuries, is not prohibited.

The principle is the same when the suit is brought against the executors. Had the father complied with the alleged contract by directing his executors by his will to sell the land and pay over to the plaintiff any surplus that might be received; and had the executors accordingly sold the land under the injunction, and received a surplus, they might, perhaps, have been liable in their individual capacity for so much money had and received to the plaintiff's use, or in a special action on the case, stating as the foundation of the claim the contract, the will and the receipt of the money under a sale made in compliance with the will. That, however, is not the case. The testator did not make such provision in his will, but the reverse; for he ordered the proceeds of the sale of this land to be divided amongst his children. This was a course entirely incompatible with a compliance with the contract; and the money thus received by the executors can never be considered or treated as money had and received for the plaintiff's use, or in affirmance of the alleged contract. It was, on the other hand, a manifest breach of it; and if the executors are liable, it can only be in their representative character, on the ground of a breach of the contract by the testator and the responsibility of his estate for the damage sustained. And this was the ground on which the case was placed by the court below. And this disposes also of the objection to the filing of the new count, that the first counts were against the defendants in their individual capacity, and the latter against them in their representative character, therefore, for a new and incompatible cause of action.

But on which of the grounds above referred to, the plaintiff here sues, is left altogether uncertain in his new count. It states, that the testator died, made a will and appointed the defendants his executors, and they sold his land for $725, and received the money, and that by such sale, $482.75 became due to the plaintiff. But how came executors to sell land? were they empowered by the will? and if so, were they directed to sell, in order to perform this contract, or for other purposes? Not a word is said in the narr. about points so material as these: it is lamentably defective, and leaves us totally in the dark.

If we look to the evidence, we have something further. We have the will, which contains an express direction to the executors to apply the proceeds of sale to another object, and is, therefore, in itself, a violation of the contract—a termination of the agree-

[Sedam v. Shaffer.]

ment by the testator—a permanent breach of it. The executors could not now officially perform it: and the testator has thereby subjected his representatives to a liability for the damages that might afterwards appear to be sustained. There would be no difficulty on reaching this point, if the narr. had been properly drawn: and the measure of damages would be the same, as I have before stated, and as the court below charged. And the only question is, whether it is now open to the defendants to take this objection: and I am of opinion, that it is now too late to do so. It seems to be rather a title imperfectly stated, than a defective title, and is, therefore, cured by going to trial and verdict, instead of demurring to the narr., as the defendants might have done. Besides which, the defendants were so far from desiring the court to charge on this, that they in their 4th point requested the court to instruct the jury, that the action would not lie to recover the proceeds of sale, but only the damages arising from a breach of the alleged contract, and in disaffirmance of the contract.

On the other points, we see no error.

Judgment affirmed.